**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| BITMAIN TECHNOLOGIES GEORGIA LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:24-cv-00927 |
| | ) | |
| JWKJ TECHNOLOGIES LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TEMPORARY RESTRAINING ORDER

Before the Court is the Motion for Temporary Restraining Order (the "Motion") filed by the Plaintiff, Bitmain Technologies Georgia Limited ("Bitmain"), requesting this Court to enter a temporary restraining order prohibiting and enjoining the Defendant JWKJ Technologies LLC ("JWKJ") from (i) preventing Bitmain from entering JWKJ's facility located at 4350 Semple Avenue, St. Louis, MO 63210 (the "Data Center Facility") for the purpose of removing 3,407 of Bitmain's bitcoin mining servers (the "Hosted Servers"); (ii) continuing to use the Hosted Servers to mine bitcoin while the computational power for the Hosted Servers is directed to a mining pool with rewards for JWKJ or any affiliated entity; (iii) selling or otherwise disposing of the Hosted Servers; and (iv) selling or otherwise disposing of any bitcoin JWKJ mined while the computational power for the Hosted Servers was directed to a mining pool with rewards for JWKJ or any affiliated entity.

After considering the Motion and Memorandum in Support, the supporting Declaration of Zheng Shang, Plaintiff Bitmain's Complaint for Declaratory Judgment, Damages, and Injunctive

Relief (the "Complaint"), the relevant legal authorities, the documents and pleadings on file, and the arguments of counsel, the Court has determined:

1. If JWKJ is not restrained, enjoined, and prohibited from preventing Bitmain from entering the Data Center Facility for the purpose of removing the Hosted Servers, Bitmain's Hosted Servers will be irreparably injured.

2. If JWKJ is not restrained, enjoined, and prohibited from selling or otherwise disposing of the Hosted Servers, Bitmain's Hosted Servers will be irreparably injured.

3. If JWKJ is not restrained, enjoined, and prohibited from preventing Bitmain from entering the Data Center Facility for the purpose of removing the Hosted Servers and from continuing to use Bitmain's Hosted Servers to mine bitcoin while the computational power for the Hosted Servers is directed to a mining pool with rewards for JWKJ or any affiliated entity, Bitmain will be irreparably injured by a significant disruption to Bitmain's business operations leading to losses that are impractical to calculate and that cannot be adequately remedied at trial.

4. If JWKJ is not restrained, enjoined, and prohibited from selling or otherwise disposing of any bitcoin JWKJ mined while the computational power for the Hosted Servers was directed to a mining pool with rewards for JWKJ or any affiliated entity, Bitmain will be irreparably injured by suffering losses that cannot be adequately remedied at trial.

5. The status quo should be maintained, and it is necessary to issue this Temporary Restraining Order against JWKJ to preserve the status quo between the parties prior to the hearing on Bitmain's Motion for Temporary Injunction.

6. It is necessary to issue this Temporary Restraining Order against JWKJ to prevent imminent and irreparable harm to Bitmain.

7. This Temporary Restraining Order will not disserve the public interest.

**8.** This Temporary Restraining Order will prevent actual or threatened misappropriation under the Missouri Uniform Trade Secrets Act.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

A. JWKJ and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Temporary Restraining Order by personal service or otherwise, are restrained, enjoined, and prohibited from the following:

    i. preventing Bitmain from entering JWKJ's facility located at located at 4350 Semple Avenue, St. Louis, MO 63210 (the "Data Center Facility") for the purpose of removing 3,407 of Bitmain bitcoin mining servers (the "Hosted Servers");

    ii. continuing to use the Hosted Servers to mine bitcoin while the computational power for the Hosted Servers is directed to a mining pool with rewards for JWKJ or any affiliated entity;

    iii. from selling or otherwise disposing of the Hosted Servers; and

    iv. selling or otherwise disposing of any bitcoin JWKJ mined while the computational power for the Hosted Servers was directed to a mining pool with rewards for JWKJ or any affiliated entity.

B. This Temporary Restraining Order is binding on the parties to the action, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Temporary Restraining Order by personal service or otherwise;

C. A hearing on Plaintiff's Motion for Temporary Injunction shall take place on July ___, 2024 at _____ _.m.;

3

D.  Bitmain must post a bond in the amount of $_____ conditioned and approved as required by law; and

E.  This Temporary Restraining Order will expire at _____ _.m. on _____ ___, 2024.

**IT IS SO ORDERED**.

SIGNED this _____ day of July, 2024, at _____ _.m.

_____
**UNITED STATES DISTRICT COURT JUDGE**

4