## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BITMAIN TECHNOLOGIES GEORGIA LIMITED, </br></br>  Plaintiff, </br></br> vs. </br></br> JWKJ TECHNOLOGIES LLC, </br></br>  Defendant. | ) </br> ) </br> ) </br> ) </br> )   No. 4:24-cv-00927-HEA </br> ) </br> ) </br> ) </br> ) </br> ) |

### DEFENDANTS' UNOPPOSED MOTION TO STAY DEADLINES

With the consent of Plaintiff Bitmain Technologies Georgia Limited ("**Plaintiff**"), Defendant JWKJ Technologies LLC ("**Defendant**") moves to stay the deadlines in this action pending resolution of Defendant's Motion to Dismiss and Compel Arbitration:[1]

1. Plaintiff filed a five-count Complaint and Motion for Temporary Restraining Order and Preliminary Injunction (the "**TRO**") against Defendant in this Court on July 8, 2024. (Dkt. 1; Dkt. 3).

2. On July 10, 2024, Plaintiff served Defendant. (Dkt. 20).

3. On July 15, 2024, Defendant filed a Motion to Dismiss and Compel Arbitration ("**Motion to Compel Arbitration**"), which seeks an order compelling the parties to arbitration and dismissal of Plaintiff's claims, including its request for injunctive relief, based on the governing Agreement. (Dkt. 13).

---

[1] Although E.D.Mo. L.R 4.01(A) states that a memorandum in support must be filed with a motion, given that this unopposed Motion is akin to a motion for extension of time (for which Rule 4.01(A) does not require a supporting memorandum), Defendant did not submit a memorandum along with this Motion. Defendant will, however, promptly supplement this filing with a memorandum if the Court so requires.

4. Also on July 15, 2024, the Court heard oral argument on Plaintiff's request for TRO (and limited oral argument on Defendant's Motion to Compel Arbitration), took the matter under submission, and ordered Plaintiff to respond to Defendant's Motion to Compel Arbitration by July 17, 2024, which Plaintiff did. (Dkt. 15; Dkt. 19).

5. A ruling on Defendant's Motion to Compel Arbitration and Plaintiff's request for TRO is pending with the Court as of this time.

6. Although the parties disagree as to whether Plaintiff's pending request for injunctive relief is arbitrable, both agree that all of Plaintiff's other claims are subject to arbitration. (Dkt. 13; Dkt. 19).

7. Consequently, there is no just reason for Defendant to incur the time and expense of filing another response to Plaintiff's Complaint, or its counterclaim against Plaintiff,[2] in this Court when (at a minimum) the primary dispute will be referred to arbitration. Likewise, Plaintiff should not have to bear the time or expense responding to a counterclaim in this Court when such counterclaim is subject to and will be arbitrated.

8. Plaintiff has agreed to staying all deadlines in this matter pending resolution of Defendants' Motion to Compel Arbitration.

9. "This Court possesses 'inherent power to manage and control its docket.'" *Gillick v. Willey*, 2020 WL 5017291, at *2 (E.D. Mo. Aug. 25, 2020) (quoting *Cottrell v. Duke*, 737 F.3d

---

[2] Given the July 10, 2024 service date, Defendant's responsive pleading and counterclaim would normally be due July 31, 2024. *See* FRCP 12(a); Dkt. 20. But Defendant has already filed a Motion to Dismiss and Compel Arbitration, which should automatically stay Defendant's response time. *Carlisle v. Citimortgage, Inc.*, 2007 WL 3232257, at *1 (E.D. Mo. Oct. 30, 2007) (citing *Faber v. Menard, Inc.*, 367 F.3d 1048, 1051 (8th Cir. 2004)) ("[C]ourts addressing this issue consistently allow defendants to file motions to compel arbitration instead of answering a complaint."); *see also Lamkin v. Morinda Props. Weight Parcel*, LLC, 440 F. App'x 604, 607-08 (10th Cir. 2011) ("A defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint...."). Nonetheless, the parties would like the Court's confirmation that all deadlines in this matter are stayed pending a ruling on Defendant's Motion to Compel Arbitration.

1238, 1248 (8th Cir. 2013)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (highlighting "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

10. A stay of Defendant's response deadline, and all other deadlines, is particularly appropriate here given that Defendant has filed a Motion to Compel Arbitration. *See Carlisle*, 2007 WL 3232257, at *1; *Faber*, 367 F.3d at 1051; *Lamkin*, 440 F. App'x at 607-608; *see also Carlisle v. CitiMortgage, Inc.*, 2007 WL 2121064, at *1 (E.D. Mo. July 24, 2007) ("In its motion to compel arbitration, CitiMortgage requested a stay of all proceedings until the motion was resolved. Plaintiff did not oppose this request. The Court finds that CitiMortgage's unopposed request to stay the proceedings pending the Court's ruling on the motion to compel arbitration effectively stayed the time in which CitiMortgage was to answer the complaint.").

WHEREFORE, with the consent of Plaintiff Bitmain Technologies Georgia Limited, Defendant JWKJ Technologies LLC respectfully requests that the Court stay all deadlines in this matter pending resolution of Defendant's Motion to Dismiss and Compel Arbitration, and for such further relief the Court finds just and proper.

Dated: July 26, 2024         Respectfully submitted,

**DENTONS US LLP**

By: */s/ Rachel M. Milazzo*
Rachel M. Milazzo, #59624MO
Jacob W. Thessen, #67114MO
Hanley Corporate Tower
101 S. Hanley, Suite 600
St. Louis, MO 63105
Telephone: (314) 241-1800
Facsimile: (314) 259-5959
rachel.milazzo@dentons.com
jake.thessen@dentons.com

*Attorneys for Defendant JWKJ Technologies LLC*

3